608 May 13, 2026 No. 415

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

B. B.,
*Petitioner-Respondent,*

*v.*

SCOTT BRADY,
*Respondent-Appellant.*

Marion County Circuit Court
23SK04965; A186200

Drew P. Taylor, Judge pro tempore.

Submitted April 15, 2026.

Scott Brady filed the brief *pro se.*

B. B. filed the brief *pro se.*

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Pursuant to ORS 30.866, petitioner sought and obtained a stalking protective order (SPO) against respondent, her ex-boyfriend. Respondent appeals, arguing, in the main, that the trial court erred in failing to apply a heightened standard, based on *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999), in evaluating whether his contacts with petitioner met the standard for an SPO. We affirm.

SPOs are governed by ORS 30.866. To obtain an SPO, the petitioner must prove by a preponderance of the evidence that: (1) the respondent made two or more unwanted contacts with the petitioner or a member of the petitioner's immediate family or household within the past two years; (2) each contact gave rise to subjective alarm that was objectively reasonable; and (3) the contacts taken together have given rise to subjective apprehension regarding the personal safety of the petitioner or their immediate family or household member that is objectively reasonable. *C. J. R. v. Fleming*, 265 Or App 342, 348, 336 P3d 534 (2014). It must also be proved that the respondent acted with at least a reckless mental state. ORS 30.866(1)(a); *C. Q. R. v. Wafula*, 305 Or App 344, 353, 471 P3d 786 (2020). Earlier events may provide context for later incidents but cannot themselves be qualifying contacts. *C. J. R.*, 265 Or App at 351.

Absent *de novo* review (which neither party requests), we "review the trial court's factual findings for any supporting evidence and its legal conclusions for legal error." *A. Z. v. Lange*, 336 Or App 652, 653, 562 P3d 647 (2024) (internal quotation marks omitted).

On appeal, respondent raises several assignments of error challenging the trial court's determination that his contacts with petitioner met the SPO standard. In his first two assignments, he asserts that the trial court erred by not applying or misapplying *Rangel* because all of his contacts were expressive contacts. We disagree. "A 'contact' can include almost any interaction with [a person] and can be categorized as either nonexpressive (physical or visual) contacts or expressive (spoken or written) contacts." *State v.*

*Hejazi*, 323 Or App 752, 759, 524 P3d 534 (2023). Although respondent did *also* engage in expressive contacts, the contacts that the trial court relied on—showing up at petitioner's house and work, leaving an item on her car, and knocking on her door—were all nonexpressive. *See M. F. v. Baker*, 325 Or App 787, 793, 530 P3d 142 (2023) (nonexpressive contacts included times "when [the] respondent went to [the] petitioner's apartment and church and [an] incident in which [the] respondent followed [the] petitioner after church").

        In his third assignment of error, respondent argues that the trial court denied cross-examination, barred objections, admitted altered exhibits, and allowed testimony on post-petition events without notice, in violation of his due process rights under the Fourteenth Amendment to the United States Constitution.[1]  Respondent did not preserve any of those arguments at the trial court but asserts that they are subject to plain-error review. Assuming without deciding that any error qualifies as plain, we decline to exercise our discretion to correct it because, had respondent objected, "the error could have been readily avoided or corrected." *State v. Wiltse*, 373 Or 1, 25, 559 P3d 380 (2024); *see also State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013) ("Determining that a claimed error was error is only half of a two-part inquiry, however. The second step is for the reviewing court to determine whether to exercise its discretion to review the error.").[2]

        Respondent's fourth and sixth assignments relate to the initial temporary *ex parte* SPO order that predated the contested SPO hearing. Those assignments are moot in light of the trial court's issuance of a permanent SPO, "which superseded the temporary order." *Magyar v. Weinstein*, 211 Or App 86, 89, 153 P3d 135 (2007).

---

[1]  Respondent also argues that his Fifth Amendment due process rights were violated. That argument is unavailing because the Due Process Clause of the Fifth Amendment only applies to federal government action. *Van Patten v. State of Oregon*, 273 Or App 476, 487 n 9, 359 P3d 469 (2015), *rev den*, 358 Or 551 (2016).

[2]  Respondent contends that he was unable to object (which could have preserved errors) because, according to him, the trial court "barred" objections. After reviewing the record, we conclude that objections were not barred; rather, the trial court encouraged the parties to focus on the facts but allowed legal objections and entertained those objections during the hearing.

Respondent's fifth assignment of error relates to certain inaccuracies in the trial court's ruling, such as the number of texts he sent, whether they were texts or emails, the content of various conversations, and whether a specific contact was unwanted. We have reviewed the record and conclude that those inaccuracies, if any, were harmless.

Respondent's seventh assignment of error asserts that there was no reliable evidence of when petitioner actually told respondent to stop contacting her. However, petitioner testified and submitted screenshots that supported a finding that she told respondent to stop contacting her on December 5, 2023, and again on December 13, and that respondent continued to contact her after those dates.

Respondent's eighth assignment of error contends that the "cumulative effect of these errors rendered the proceedings fundamentally unfair and unsupported by sufficient evidence." As we have explained, however, the trial court did not err in the ways identified by respondent.

Affirmed.